# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MILTON ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-201 |
| | ) | |
| DR. OLATUNJI AWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Milton Ross brings this 42 U.S.C. § 1983 against Drs. Olatunji Awe and Glevirtz and Cynthia Rivers. Doc. 1. He has also filed several motions: motion for preliminary injunction, doc. 2, motion for settlement for damages, doc. 7, motion to compel response from defendants, doc. 8, and motion for imposition of sanctions, doc. 9. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court

## BACKGROUND

Plaintiff has used dentures for more than a decade. Doc. 2 at 2. In May 2018, while suffering a bout of food poisoning, plaintiff dropped his upper dentures into a toilet. Doc. 1 at 5. Unable to recover them, he visited the prison medical unit and was advised by Mr. Milton that in order to acquire new dentures, he was required to file a witness statement, submit a sick call form, be examined by Dr. Awe, and pay for the new dentures. *Id.*

On June 4, 2018, plaintiff submitted his witness statement and first sick-call form. Doc. 2 at 3. He submitted at least three sick-call forms before he was given an appointment with Dr. Awe.[2] Doc. 1 at 5 and doc. 2 at 3. While waiting for an appointment, plaintiff began to suffer from cuts and blisters, which caused pain, bleeding and swelling in his mouth and jaw. *Id.* at 5 & 6, doc. 2 at 5, and doc. 3 at 3. During his examination,

---

examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[2] Plaintiff's allegations span a period on more than a year; however, it is unclear when certain events occur during that period. For example, Plaintiff alleges that multiple sick call forms were submitted before he met with Dr. Awe. Doc. 1 at 5 and doc. 2 at 3. From context, the Court infers that this meeting occurred in June 2018, but is ambiguous as to whether the plaintiff's multiple sick call forms were submitted over several weeks or a few days.

plaintiff was advised that the prison recently fired its dentist and did not anticipate immediately hiring a replacement. Doc. 1 at 6. After learning that a local dentist was unavailable, he requested to be allowed to visit the dentists at Georgia State Prison or Augusta State Medical Prison. *Id*. Despite other prisoners being allowed to visit the other facilities for dental care, the request was denied. *Id*. and doc. 2 at 3. Dr. Awe instead prescribed antibiotics to address infections. Doc. 1 at 6.

In June 2018, plaintiff filed a grievance through the prison grievance system. *Id*. When no response was received by the deadline established through prison policy, he filed a second grievance in July 2018. Doc. 2 at 8. Rivers, the prison Grievance Counsel and Head Counsel, though assuring plaintiff that she was working to address the problem, failed to act on his grievances or forward them to the prison warden or superintendent. Doc. 1 at 6, doc. 2 at 7–9, and doc. 3 at 4.

In December 2018, plaintiff sent a letter to Dr. Glevirtz, a new prison dentist. Doc. 2 at 5. He was allowed an appointment in March 2019. Doc. 1 at 6. In June 2019, Dr. Glevirtz shaved down plaintiff's bottom dentures and indicated that he would look into getting a new set of dentures. Doc. 2 at 5.

As a result of not having his upper dentures, plaintiff suffered cuts, blisters, swelling, bleeding, infection, pain in the mouth and jaw, and difficulty sleeping and eating. Doc. 1 at 5 & 6 and doc. 2 at 5 & 6. He alleges that decisions to delay or deny treatment and grievances were in retaliation for the recent settlement of an unrelated lawsuit involving other prison officials or were intended to avoid creating the dentures before his potential parole. Doc. 1 at 7, doc. 2 at 5 & 9, and doc. 3 at 3–4. Plaintiff was provided with dentures in or around October 2019. Doc. 7 at 2.

## ANALYSIS

Construed liberally, plaintiff's pleadings allege denial of adequate medical care and retaliation. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); *Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties . . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). In screening these claims, the Court applies Fed. R. Civ. P. 12(b)(6) standards, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir.

2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

I.  **Denial of Adequate Medical Care**

The Constitution does not guarantee comfortable conditions to prisoners, but it does require humane treatment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment guards against the infliction of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Though "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny," *Whitley v. Albers,* 475 U.S. 312, 319 (1986), the "unnecessary and wonton infliction of pain" is Constitutionally offensive. *Estelle*, 4 U.S. at 104. A denial of adequate medical care claim requires a government official to display "deliberate indifference to the serious medical needs of prisoners . . . ." *Id*. This involves an "objective component" demonstrating the existence of a serious medical condition and a "subjective component" showing that prison officials acted with deliberate indifference toward that condition. *Id*.

The objective component requires plaintiff to allege a sufficiently serious medical need that, if left unattended, would "pos[e] a substantial risk of serious harm." *Id.* (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)). This includes both those conditions "diagnosed by a physician as mandating treatment" and those that are "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (internal citation and quotation marks omitted), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

Courts have repeatedly recognized that dental problems that cause substantial pain qualify as serious medical needs. *Farrow v. West*, 320 F.3d 1235, 1243–44 (11th Cir. 2003) (bleeding, severe soreness, swelling, and weight loss, resulting from 15-month delay in providing dentures, was sufficiently serious); *Young v. Kazmerski*, 266 F. App'x. 191, 193 (3d Cir. 2008) (unnecessary pain and interference with plaintiff's ability to eat and sleep caused by a delay in providing dentures was a sufficiently serious medical need); *Hartsfield v. Coburn*, 371 F.3d 454, 456–57 (8th Cir. 2004) ("extreme pain from loose and infected teeth, which caused blood to seep from [plaintiff's] gums, swelling, and difficulty sleeping and eating . . .

constituted a need for medical attention that would have been obvious to a layperson."); *Stack v. McCotter*, 79 F. App'x. 383, 388–89 (10th Cir. 2003) (despite suffering no permanent injury, persistent pain from failure to treat periodontist was sufficiently serious medical need.). Medical needs that would be worsened by a delay in treatment might also qualify as sufficiently serious. *Mann v. Taser Int'l., Inc.*, 588 F. 3d 1291, 1307 (11th Cir. 2009).

There is no doubt that plaintiff required dentures. He has relied on them since 2007 or 2008. Doc. 2 at 2. During the period in which plaintiff was without his upper dentures, he suffered cuts, blisters, pain, bleeding, swelling, and trouble eating and sleeping.³ Doc. 1 at 5 & 6, doc. 2 at 5, and doc. 3 at 3. He suffered for more than a year, while he waited to speak with a dentist and for new dentures to be created. Doc. 1 at 5 and doc. 7 at 2. In its totality, this amounts to a sufficiently serious medical need for purposes of the Eighth Amendment. *See Farrow*, 320 F.3d at 1244–45 ("continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing medical problems, establishing a

---

³ Plaintiff alleges that his condition has deteriorated over time, causing "other serious problems." Doc. 2 at 3. He does not provide any additional context for this claim.

serious medical need" where prison failed to provide dentures for 15 months.); *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (a three month delay in providing dental care for lost dentures, when medical staff was aware of plaintiff's severe pain and permanent damage to remaining teeth, was sufficient for a § 1983 claim).

The subjective requirement of the claim requires plaintiff to allege more than mere negligence in the diagnosis and treatment of a medical condition. *Estelle*, 4 U.S. at 106. This Circuit applies a three-part test to determine whether an official acted with deliberate indifference: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow* 320 F.3d at 1245 (quoting *McElligott v. Poley*, 182 F.3d 1248, 1255 (11th Cir. 1999). An act can rise above "mere negligence" when an official knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate," *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997) (citing *Hill*, 40 F.3d at 1186), *overruled in part on other grounds by LeFrere v. Quezda*, 588 F.3d 1317, 1318 (11th Cir. 2009), or intolerably delays treatment, *McElligott*, 182 F.3d at 1255.

After his initial examination of plaintiff in June 2018, Dr. Awe knew, or should have known, about plaintiff's injury and the likelihood that it would persist until new dentures were acquired. Plaintiff reiterated his condition and need for treatment to Dr. Awe during each subsequent appointment, which occurred every 30 days. Doc. 3 at 3. Despite this, Dr. Awe refused to allow plaintiff to visit a dentist and prescribed only antibiotics. Doc. 3 at 3. Though a plaintiff's disagreement with a prescribed course of treatment is typically not sufficient to plead deliberate indifference, *Black v. Ala. Dept. of Corrs.*, 578 F. App'x. 794, 796 (11th Cir. 2014) ("mere disagreement between an inmate and the prison's medical staff as to the course of treatment does not establish deliberate indifference"), an intolerable delay in providing necessary treatment can offend the constitution, *McElligott*, 182 F.3d at 1255. "Whether [a] delay in treatment was tolerable 'depends on the nature of the medical need and the reason for the delay.'" *Farrow*, 320 F.3d at 1247 (quoting *Harris v. Coweta Cnty.*, 21 F.3d 388, 393–94 (11th Cir. 1994)). Though plaintiff's dental condition did not require immediate attention, he was in prolonged pain and the significant delays caused by defendants were more than mere negligence. *See Harris*, 21 F.3d at 393–94 (For serious injuries of a lesser

degree of immediacy, "the law was clearly established that several weeks was too long to fail to properly respond to the medical need.").

Dr. Glevirtz learned of plaintiff's condition not later than December 2018, when plaintiff contacted him via letter. Doc. 2 at 5. Despite this, he did not perform an examination until March 2019. Doc. 1 at 6. In June 2019, Dr. Glevirtz filed down plaintiff's bottom dentures, but new dentures were not provided until the following October. Doc. 2 at 5 and doc. 7 at 2. Thus, though plaintiff did receive treatment and, ultimately, new dentures, the considerable delays alleged are sufficient to imply Dr. Glevritz's deliberate indifference.

Though not a member of the medical staff, Rivers also contributed to the delay in plaintiff's treatment. Beginning in June 2018, plaintiff made multiple grievances. Doc. 1 at 6. In her role as Head Counsel and Grievance Coordinator, Rivers is responsible for screening grievances and forwarding them to the warden or superintendent. Doc. 2 at 8. Through both the filed grievances and her interactions with plaintiff, she was aware of his condition and the delay in treatment. Doc. 3 at 4. After plaintiff wrote a letter to Rivers threatening to file a lawsuit, she sent another prison staff member to speak with plaintiff. Doc. 3 at 4–5. Despite this,

Rivers did not forward the grievances to the warden or take any steps toward resolution. Therefore, the alleged failure to address plaintiff's complaints of pain sufficiently plead River's deliberate indifference. Plaintiff's claim of denial of adequate medical care against all defendants survives screening and is approved for service.

II. Retaliation

Plaintiff alleges that Dr. Awe's refusal to allow him to visit a dentist at another facility and Rivers' obstruction of the grievance process were in retaliation for the settlement of an unrelated civil suit in April 2018. Doc. 2 at 8 and doc. 3 at 3–4.

Plaintiff alleges that Rivers denied him access to the prison grievance procedures not advancing his complaints to the warden or superintendent. Generally, the denial or failure to act upon a grievance does not create liability under § 1983. *See Clark v. Bandy*, 2011 WL 1346975 at *4 (N.D. Ga. Apr. 8, 2011) ("A prison official's mere participation in a grievance procedure—for example, by denying a prisoner's grievance—is not actionable under § 1983." (citations omitted)). Internal grievance procedures do "not provide an inmate with a constitutionally protected interest." *Thomas v. Poveda*, 518 F. App'x

614, 618 (11th Cir. 2013); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory." (quotations omitted)); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"). As plaintiff "has no constitutionally-protected liberty interest in access to [the grievance] procedure," the blocking of that access cannot alone be the basis for a §1983 claim. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

Plaintiff, however, has suggested that Rivers' obstruction of the grievance process was in retaliation for an unrelated lawsuit that settled in April 2018. Doc. 2 at 8. He has alleged a similar motivation for Dr. Awe's refusal to allow him to visit a dentist at another facility. Doc. 3 at 3–4. The First Amendment forbids officials from retaliating against prisoners for exercising the right of free speech. *Thomas v. Evans*, 880

F.2d 1235, 1242 (11th Cir. 1989). A retaliation claim does not require the "violation of a separate and distinct constitutional right," *id*. at 1242, only that a prison official's adverse action was motivated by a prisoner's exercising of their first amendment rights, such as through the filing of a grievance or lawsuit, *Jemison v. Wise*, 386 F. App'x. 961, 964–65 (11th Cir. 2010).

The filing of a lawsuit is protected conduct under the First Amendment. Plaintiff, however, has failed to adequately allege a causal connection between the alleged acts of Dr. Awe and Rivers and the prior case. Though both cases involve claims against prison medical staff, plaintiff is the only common party. *See Ross v. Fogam, et al.*, CV411-198. As plaintiff might be able to more fully plead this claim, the Court will **AFFORD** him a single opportunity to amend his Complaint within 30 days of this Order and Report and Recommendation.[4]

---

[4] "[W]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (*en banc*)); see also Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).

## III. Motion for Preliminary Relief

Plaintiff has filed motion seeking to enjoin defendants and their agents from "committing the acts and omissions of interfering with and denying plaintiff medical procedures and treatment, directing them to stop immediately the process for Mr. Ross to receives [sic] necessary medical procedures and treatment." Doc. 2. A preliminary injunction is an extraordinary remedy that should only be granted only if the requesting party demonstrates:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the ... [party asking for the injunction] outweighs the harm an injunction may cause ... [the other party], and (4) that granting the injunction would not disserve the public interest.

*Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 268 F.3d 1257, 1410 (11th Cir. 1998). The Court need not undertake a complete analysis of each element. As plaintiff has been provided with dentures, there exists no pending threat of injury. Therefore, the motion for injunctive relief (doc. 2) should be **DENIED AS MOOT**.[5]

---

[5] Unlike plaintiff's other motions, motions for injunctive relief cannot be finally disposed of by a Magistrate Judge. 28 U.S.C. § 636(b)(1)(A). A recommendation is, therefore, made to the District Judge for disposition of this motion. 28 U.S.C. § 636(b)(1)(B).

### IV. Motion for the Settlement for Damages and Motion to Compel Response from Defendants

In his motion for settlement for damages, plaintiff presents a settlement offer to defendants. Doc. 7. The only action requested of the Court is to issue an order compelling defendants to file a response to the Complaint. Doc. 7 at 6. This request is reiterated in plaintiff's motion to compel response from defendants. Doc. 8. Under the Prison Litigation Reform Act, defendants are not served with plaintiff's Complaint until the Court has completed its screening. 28 U.S.C. § 1915A. It is only now that defendants' obligation to respond has been triggered. As such, plaintiff's motions seeking the Court to compel a response are premature and are **DENIED**.

### V. Motion for the Imposition of Sanctions

Plaintiff has also filed a motion for the imposition of sanctions against defendants. Doc. 9. In doing so, however, he conflates two separate cases. Though the motion includes reference to the plaintiff's current suit, the requested sanctions are based on the alleged breach of a settlement agreement in a prior civil action involving different defendants. *Ross v. Fogam, et al.*, CV411-198. A motion is not the proper vehicle for seeking to enforce a settlement agreement. Furthermore, enforcement of

a settlement agreement is a claim in contract and cannot be enforced through a § 1983 action. Plaintiff may file a separate case seeking enforcement of the settlement agreement; however, his motion here is **DENIED AS MOOT**.[6]

## CONCLUSION

Accordingly, plaintiff's denial of adequate medical care claim against Dr. Awe, Dr. Glevirtz, and Rivers survives screening. As plaintiff is not proceeding *in forma pauperis*, he is responsible for serving all named defendants in accordance with the Federal Rules of Civil Procedure. Plaintiff is **DIRECTED** to file any supplemental pleading supporting his retaliation claim no later than thirty days from the date of this Order and Report and Recommendation. Failure to file a supplemental response will be construed as a withdrawal of the retaliation claim. His motion for the settlement for damages (doc. 7) and motion to compel response from defendants (doc. 8) are **DENIED** and his motion for the imposition of sanctions (doc. 9) is **DENIED AS MOOT.**

---

[6] In many cases, federal courts lack jurisdiction to enforce private contractual settlement agreements unless the terms of the agreement are incorporated into the order dismissing the underlying litigation. *See Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 381–82 (1994).

Furthermore, the Court **RECOMMENDS** that the plaintiff's motion for a preliminary injunction (doc. 2) be **DENIED AS MOOT**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**,

this 10th day of March, 2020.

_____
C<small>HRISTOPHER</small> L. R<small>AY</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> G<small>EORGIA</small>