UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MILTON ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-201 |
| | ) | |
| DR. OLATUNJI AWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are plaintiff Milton Ross' motion to compel, doc. 13, motion for the imposition of sanctions and an order of contempt, doc. 15, and motion for emergency preliminary injunction, doc. 16. For the following reasons, the motion to compel and motion for sanctions and an order of contempt are **DENIED**. The Court also **RECOMMENDS** that the order for injunctive relief be **DENIED**.

Plaintiff seeks to compel defendants' response to his complaint. Doc. 13. He also seeks the imposition of sanctions or an order of contempt for defendants' "willful failure and refusal to obey and comply with the Order and Report and Recommendation of [the Court]." Doc. 15. Both motions

are founded on the incorrect belief that defendant's responsive pleadings are now due. He misunderstands the Court's March 10, 2020, Order and Report and Recommendation (R&R), doc. 11, to have directed defendants to file a response to his complaint within 30 days, doc 15 at 1–2. In denying plaintiff's prior motions to compel settlement and a response, the Court noted that defendants were not obligated to participate in this case prior to screening. Doc. 11 at 15. Screening, however, is not the only prerequisite to defendants' obligation to file their responsive pleadings. Plaintiff must also serve the complaint and summons upon the defendants. Fed. R. Civ. P. 12 (a)(1)(A) ("A defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent. . . ."); *see also* doc. 11 at 16.

As plaintiff is not proceeding *in forma pauperis*, he is required to effectuate service upon all defendants. Fed. R. Civ. P. 4. Though the complaint does include a document titled "Certificate of Service" attesting that a copy of it was was mailed to all defendants, doc. 1 at 7, it does not comply with the service requirements, *see* Fed. R. Civ. P. 4(b)(2) & (e). To date, plaintiff has provided no indication that the complaint has been

properly served, Fed. R. Civ. P. 4(l), or that defendants have waived the service requirement, Fed. R. Civ. P. 4(d). As such, defendants are not yet obligated to provide responsive pleadings. Plaintiff's motion to compel, doc. 13, and motion for sanctions and a contempt order, doc. 15, are, therefore, **DENIED** as moot.

Plaintiff also seeks an emergency injunction against defendants to prevent the substitution of his pain medication. Doc. 16. Due to its purported emergency character, the Court construes the motion to seek a temporary restraining order, which does not require defendants' response to resolve.[1] Fed. R. Civ. P. 65(b)(1). To succeed on a motion for a temporary restraining order or preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered if the relief is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec'y, Dep't of Corrs.*, 924 F.3d 1171, 1176 (11th Cir. 2019). Plaintiff fails to satisfy the first criteria.

---

[1] Plaintiff includes with his filing a "certificate of service." Doc. 16 at 8. It is not clear, however, upon whom the motion was served. Plaintiff is responsible for serving motions on every defendant. Fed. R. Civ. P. 5(a)(1).

Plaintiff's underlying claim alleges the unconstitutional denial of adequate medical care. Such claim requires plaintiff to demonstrate that the defendants acted with deliberate indifference to his medical needs. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Ordinary malpractice or simple negligence won't do; instead, the plaintiff must show 'subjective recklessness as used in the criminal law.'" *Swain v. Junior*, — F.3d —, 2020 WL 3167628, at *5 (11th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994)). Though defendants' medical decisions are not what plaintiff desired and may constitute negligence or malpractice, they do not amount to the deliberate indifference required to offend the Eighth Amendment. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (medical decision to not order medical tests, despite plaintiff's request, was not offensive to the constitution). As plaintiff has not demonstrated a "substantial likelihood" of success on the merits, the motion for injunctive relief should be **DENIED**.

In summary, plaintiff's motion to compel, doc. 13, and motion for the imposition of sanctions and an order of contempt, doc. 15, are **DENIED**. Plaintiff is responsible for serving the complaint and summons upon all defendants in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Free copies of the *Summons in a Civil Case* (AO 440), *Notice of Lawsuit and Request to Waive Service of a Summons* (AO 398), and *Waiver of the Service of Summons* (AO 399) forms are available through the Southern District of Georgia and U.S. Courts websites.[2] Plaintiff is **DIRECTED** to file with the Court within 60 days of this Order either proof of service or defendants' consent to waive service. The Court also **RECOMMENDS** that plaintiff's motion for injunctive relief be **DENIED**. Doc. 16.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[2] Plaintiff may access all necessary civil forms through the Southern District of Georgia website (https://www.gasd.uscourts.gov/civil-forms) or the United States Federal Courts website (https://www.uscourts.gov/forms/civil-forms).

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 19th day of June, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA